**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Premier Financial Services, LLC, | No. CV-09-00947-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Lance Morris; GMPN, Inc., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. 21). Because the Motion does not comply with the Servicemembers Civil Relief Act ("SCRA") as to Defendant Lance Morris, the Motion will be denied without prejudice.

The SCRA requires, as a prerequisite to default judgment, the submission of an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[,] or if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 App. U.S.C. § 521(b)(1); *see also Sprinkle v. SB&C Ltd.*, 472 F. Supp.2d 1235, 1244 (W.D. Wash. 2006) (compliance with the SCRA affidavit requirement "is a prerequisite to the entry of judgment for the plaintiff"); James Wm. Moore, *10 Moore's Federal Practice* §55.90 (2008 ed.). Because the SCRA requires that "facts must be set forth, an affidavit made upon information and belief is insufficient" to satisfy the statute's affidavit requirement. *U.S. v. Simmons*, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980) (denying motion for default judgment for failure to satisfy SCRA affidavit

requirement); *see also e.g. Bank of Nova Scotia v. George*, 2008 WL 501263, *2 (D. V.I. 2008) (denying motion for default judgment because plaintiff's affidavit did "not show necessary facts to support its bare assertion that the [d]efendants are not in military service."); *Countrywide Home Loans, Inc. v. Barr*, 2008 WL 4748202, *1-2 (M.D. Pa. 2008) (same). Plaintiff must set forth specific facts establishing "the efforts exerted to determine [d]efendant's military [or other SCRA] status." *Merrill v. Beard*, 2007 WL 461469, *3 (N.D. Ohio 2007) (denying motion for summary judgment for failing to comply with affidavit requirement); *cf. e.g. Priority Records, LLC v. Tabora*, 2007 WL 2517312, *1 (N.D. Cal. 2007) (determining plaintiff complied with SCRA affidavit requirement when plaintiff's counsel attested to having "conducted a search through the Department of Defense-Manpower Data Center, and determined that defendant is not serving in the military."); *Caroline Records v. Westhoff*, 2006 Copr. L. Dec. P. 29,1119; 2006 WL 538688, *1 (D. Colo. 2006) (determining plaintiff complied with SCRA affidavit requirement when plaintiff's counsel attested to having conducted a search through the LexisNexis U.S. Military Locator database and determined defendant is not serving in the military).

To comply with the SCRA, Plaintiff has two options. Plaintiff may submit an affidavit attesting that Defendant Morris is not currently enrolled in the military or other applicable service and provide facts to support the attestation. See 50 App. U.S.C. § 521(b)(1)(A). In the alternative, an affidavit may be submitted attesting that Plaintiff has been unable to determine whether Defendant Morris is currently enrolled in the military or other applicable service. *See* 50 App. U.S.C. § 521(b)(1)(B).

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Final Default Judgment (Doc. 21) **IS DENIED WITHOUT PREJUDICE**.

DATED this 25th day of August, 2010.

_____
Roslyn O. Silver
United States District Judge

- 2 -